Timothy FAGAN, Plaintiff–Appellant,

v.

AMERISOURCEBERGEN CORP., Defendant–Cross–Defendant,

Amgen Inc., Defendant–Appellee,

CVS Corporation, a/k/a Pharmacare Management Services and Procare Pharmacy, Inc., Defendant–Cross–Claimant,

and

"John Doe Corporations 1–100" (fictitious names for Corporations who manufactured, distributed, or sold the drugs that are the subject of this suit and the containers the drugs were packaged and/or shipped in), Defendants–Cross–Defendants.

No. 05–1843.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Eric Turkewitz, The Turkewitz Law Firm, New York, NY, for Plaintiff–Appellant.

Catherine E. Stetson (Mark D. Gately, Michael L. Kidney, on the brief), Hogan & Hartson, L.L.P., Washington, DC, for Defendant–Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Appellant Timothy Fagan ("Fagan") appeals from a District Court decision (Sandra J. Feuerstein, *Judge* ) dismissing appellee Amgen Inc. ("Amgen") from Fagan's personal injury action. Although Fagan's action is proceeding against the other defendants, the court's decision as to Amgen is before us pursuant to the court's certification of that decision as final under Federal Rule of Civil Procedure 54(b). We assume the parties' familiarity with the facts, decision below, and issues on appeal.

Fagan's action for negligence is based on injuries he sustained when an unknown third party diluted his prescription medication for anemia. The drug in question, Epogen, is manufactured by Amgen. Amgen sells Epogen in bulk to defendant AmerisouceBergen Corp. (ABC), an authorized distributor for Amgen, and ABC then sells Epogen to pharmacies. Fagan alleges that ABC also bought Epogen on the "gray market"—a market in which drugs of unknown origin are sold to distributors by non-manufacturers, and that apparently includes illegally imported drugs and drugs stolen from hospitals and elsewhere, many of which are altered at some stage. Fagan alleges that the drugs he took were bought by ABC on the gray market and then passed off as genuine "Amgen" Epogen to defendant CVS, where Fagan bought them. Fagan also alleges that Amgen, for its part, negligently allowed its drugs to be sold on the gray market and negligently allowed its authorized distributor, ABC, to pass off gray market Epogen as genuine "Amgen" Epogen. Fagan alleges, moreover, that Amgen sold discounted drugs on the market. Fagan also argues that Amgen negligently failed to make its packaging tamper-resistant.

The District Court granted Amgen's motion to dismiss while denying the motions of ABC, CVS and Procare. However, the court's analysis of Fagan's claim against Amgen focused entirely on the packaging issue, with no mention of the gray market issue plainly raised in Fagan's complaint. By contrast, the court *denied ABC's* motion to dismiss, finding that Fagan success-

fully pled negligence on ABC's part by alleging that ABC "facilitat[ed]" the gray market by trading on it. *Fagan v. AmerisourceBergen Corp.,* 356 F.Supp.2d 198, 209 (E.D.N.Y.2004).

Because we cannot be sure whether the District Court considered Fagan's gray market claim against Amgen, we remand pursuant to *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994). The District Court should clarify whether it intends that its dismissal cover the gray market claims against Amgen, and explain the reasons for its decision. If the court decides that the gray market claims should not be dismissed, it should amend its judgment. In the event that the District Court again dismisses Amgen from the suit, Fagan need not file a new notice of appeal to seek immediate appellate review, but instead may simply notify the Clerk of the Court within thirty days of the entry of the court's order, and the matter will automatically return to this panel for disposition. *See, e.g., Fontana v. Republic of Argentina,* 415 F.3d 238, 242 (2d Cir.2005). If circumstances obviate the need for the case to return to this Court, the parties shall promptly notify the Clerk of the Court. Similarly, the District Court is instructed to inform this Court if, upon further consideration, it allows Fagan to proceed to trial against Amgen.

The District Court gave no reason for directing entry of an immediately appealable "final judgment" under Fed.R.Civ.P. 54(b). In this case the reasons were obvious, as the court clearly was seeking to avoid the risk of having to try the case twice in the event of reversal of the dismissal as to one defendant after the court had conducted a trial for the others. Accordingly, we need not remand for a statement of reasons. Nonetheless, as we cau-

tioned in *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 40 (2d Cir.2003), district courts should always, when entering a Rule 54(b) order allowing immediate appeal, explain their "express determination that there is no just reason for delay."

For these reasons, we REMAND the District Court's decision for further proceedings consistent with this order.